## Appeal of VALLEY STEAMSHIP CO. Docket No. 1043.

Where the issue between the Commissioner and the taxpayer is the March 1, 1913, value of property, the taxpayer must prove the value by competent evidence.

Submitted March 30, 1925; decided May 5, 1925.

*Tracy H. Duncan, Esq.*, for the taxpayer.

*S. D. Mitchell, Esq.*, for the Commissioner.

Before GRAUPNER, LANSDON, and GREEN.

This is an appeal from a deficiency in income and excess-profits taxes, for the calendar year 1917, in the sum of $45,879.14. We gather, inferentially, that the Commissioner refused to accept as correct for income and excess-profits tax purposes the March 1, 1913, value assigned by the taxpayer to six steamships, and that he placed thereon a valuation which was materially lower. It would appear that the parties agreed that such value should be determined by first ascertaining the reconstruction cost and then depreciating such cost to March 1, 1913, and that they were able to agree upon the reconstruction cost, but not upon the rate of depreciation to be applied thereto. The Commissioner used a flat three per cent depreciation rate in making his determination of values. The taxpayer contends that the March 1, 1913, value should be determined by applying to the reconstruction cost a progressive depreciation rate of one per cent for the first five years, two per cent for the second five years, and three per cent for the third five years.

The evidence offered by the taxpayer consisted of the testimony of one witness and numerous affidavits, and was all to the effect that, in determining March 1, 1913, value of these steamships, a progressive depreciation rate should be used instead of a flat rate. The deficiency letter, though required by the rules of this Board to be appended to the petition, was neither so appended nor introduced in evidence, and we have no knowledge of its contents. We assume that, had that letter been made a part of the records of this case, we could have at least ascertained therefrom the valuation fixed by the Commissioner and to which the taxpayer objects. Probably it would also have disclosed the reconstruction cost which we are led to believe was agreed upon by the parties. No evidence was offered to prove the cost or date of construction of the vessels. The record does not disclose their type and style other than that they were steam freight vessels used upon the Great Lakes. It does not appear whether any of the vessels have been subjected to any unusual strains as the result of storms, grounding, collisions, etc. We have no evidence as to the care in operation and the state of repair. No witness has given us the benefit of his judgment as to the actual value of any ship, either on March 1, 1913, or at any other time. We do not know the amount which the taxpayer contends is the correct value of any particular ship, or of the entire fleet. The taxpayer did not even offer to prove that it owned any steamships. From the evidence offered and the admissions in the pleadings we make the following

The taxpayer is an Ohio corporation with its principal office in Cleveland, Ohio. A deficiency letter was mailed to the taxpayer on October 13, 1924. No other fact material to the case was proven.

#### DECISION.

The determination of the Commissioner is approved.

#### OPINION.

GREEN: This appeal and the *Appeal of The Kinsman Transit Co.*, 1 B. T. A. 552, are almost identical. The counsel for the taxpayer was the same in each instance. In that appeal it was clearly pointed out that value was a question of fact and that it could not be proven by formulæ alone. A formula without some facts to which to apply it is useless. There is not in the record in this appeal a single fact upon which we could base a determination of value. No witness has testified to the actual value on March 1, 1913. The evidence contains no statement as to cost or date of construction. We do not even know the valuation fixed by the Commissioner, and yet we are asked to hold that such valuation is erroneous because the Commissioner used a flat, instead of a progressive, depreciation rate.